**KILPATRICK STOCKTON LLP**
Lisa Pearson (LP 4916)
Robert Potter (RP 5757)
31 West 52nd Street, 14th Floor
New York, NY 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
lpearson@kilpatrickstockton.com
rpotter@kilpatrickstockton.com

*Attorneys for Plaintiffs Zino Davidoff SA,*
*Calvin Klein Trademark Trust, and*
*Calvin Klein Cosmetics Corporation*



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ZINO DAVIDOFF SA,
CALVIN KLEIN TRADEMARK TRUST,
and CALVIN KLEIN COSMETICS CORPORATION

                         Plaintiffs,

             v.

MD DISTRIBUTORS,

                         Defendant.

08 Civ. _____

**08 CIV 7717**

**COMPLAINT**

SEP − 3 2008

U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs Zino Davidoff SA ("Zino Davidoff"), Calvin Klein Trademark Trust, and

Calvin Klein Cosmetics Corporation (collectively with Calvin Klein Trademark Trust, "Calvin

Klein") (Zino Davidoff and Calvin Klein together, "Plaintiffs"), by their attorneys Kilpatrick

Stockton LLP, for their complaint allege as follows:

### SUBSTANCE OF THE ACTION

1.       Zino Davidoff has created a highly successful line of prestige fragrances and

related products under its famous DAVIDOFF house mark.  For example, Zino Davidoff's

DAVIDOFF COOL WATER men's and women's fragrances consistently rank among the top-selling fragrances in the U.S.

2.      Calvin Klein has also created a highly successful line of prestige fragrances and related products under its famous CK mark. Fragrances such as Calvin Klein's CK ONE and CK BE are among the most popular and top-selling men's and women's fragrances in the U.S.

3.      MD Distributors ("MD" or "Defendant") has violated Zino Davidoff's and/or Calvin Klein's trademark rights in at least three distinct ways. First, Defendant sells blatant counterfeits of Zino Davidoff's DAVIDOFF eau de toilette fragrances (the "Counterfeit DAVIDOFF Fragrances"). The Counterfeit DAVIDOFF Fragrances sold by Defendant bear the famous and federally registered DAVIDOFF mark and secondary marks, such as COOL WATER, and copy Zino Davidoff's trade dress with such precision that they virtually guarantee consumer confusion while also tarnishing and diluting Zino Davidoff's famous marks.

4.      Second, Defendant sells so-called "decoded" DAVIDOFF fragrances (the "Decoded DAVIDOFF Fragrances"). Decoded DAVIDOFF Fragrances are materially different from Zino Davidoff's authorized goods, and beyond the reach of Zino Davidoff's product integrity and quality controls, because the unique code that Zino Davidoff uses as a quality assurance, anti-counterfeiting and anti-theft measure (the "Production Code") has been removed from these unauthorized products.

5.      Third, Defendant sells knock-off DAVIDOFF COOL WATER fragrance products (the "Knock-Off DAVIDOFF Fragrances") and knock-off CK fragrance products (the "Knock-Off CK Fragrances"). Knock-Off DAVIDOFF Fragrances and Knock-Off CK Fragrances bear marks imitating Plaintiffs' famous and federally registered trademarks, including COOL

-2-

WATER and CK ONE, and copy Plaintiffs' trade dress to a degree likely to deceive consumers and cause confusion while also tarnishing and diluting Plaintiffs' famous marks.

6.       Defendant's sale of Counterfeit DAVIDOFF Fragrances, Decoded DAVIDOFF Fragrances, Knock-Off DAVIDOFF Fragrances and Knock-Off CK Fragrances is a deliberate effort to trade on Plaintiffs' fame and goodwill and damage the valuable trademark rights that Plaintiffs have spent decades developing and protecting.  Defendant's actions are causing irreparable harm by creating consumer confusion and by tarnishing and diluting Plaintiffs' famous trademarks.  Plaintiffs bring claims for trademark infringement under Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution and tarnishment of Zino Davidoff's famous marks under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); dilution under the laws of several states, including New York, N.Y. GEN. BUS. Law § 360-*l* (McKinney 2008); infringement under the law of New York, N.Y. ARTS & CULT. AFF. Law § 33.09; unfair and deceptive trade practices under the laws of several states, including New York, N.Y. GEN. BUS. Law § 349 (McKinney 2008); and unfair competition under common law.  Plaintiffs seek permanent injunctive relief, an accounting, treble damages or statutory damages of up to $1,000,000 per counterfeit mark per type of goods sold or distributed by Defendant as authorized by Sections 35(b)-(c) of the Lanham Act, 15 U.S.C. § 1117(b)-(c), compensatory damages, recovery of their costs and attorneys' fees and other relief authorized by the Lanham Act and applicable state law.

## JURISDICTION AND VENUE

7.       This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, under Sections 1331, 1338(a), 1338(b) and 1367 of the Judicial Code, 28 U.S.C. §§ 1331,

US2000 10792863.8

1338(a), 1338(b), 1367, and under principles of pendent jurisdiction.  This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as there is diversity between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

9.     Plaintiff Zino Davidoff SA is a joint stock company organized and existing under the laws of Switzerland with a principal place of business at Rue Faucigny 5, 1700 Fribourg, Switzerland.  Zino Davidoff is the owner of all trademark rights in DAVIDOFF and COOL WATER for fragrances (among other fragrance brands) in the U.S.  Zino Davidoff also owns all trade dress rights in DAVIDOFF fragrance products.

10.    Plaintiff Calvin Klein Trademark Trust is a Delaware business trust organized and existing under the laws of Delaware with a business address at Wilmington Trust Company Trustee c/o Calvin Klein, Inc., 205 West 39th Street, New York, New York 10018.

11.    Plaintiff Calvin Klein Cosmetics Corporation is a corporation organized and existing under the laws of Minnesota with a principal place of business at 1325 Avenue of the Americas, 34th Floor, New York, New York 10019.

12.    Calvin Klein Trademark Trust together with Calvin Klein Cosmetics Corporation as licensee own all trademark rights in CK for fragrances in the U.S., and all trade dress rights in CK fragrance products.

13.    Upon information and belief, Defendant MD Distributors is a corporation organized and existing under the laws of New Jersey with a principal place of business at 3 Taylor Road, Edison, New Jersey 08817.  Upon information and belief, MD sells fragrances and other products directly to consumers, retailers and other distributors, and transacts business in

-4-

this District and throughout the United States. Upon information and belief, MD has direct involvement, participation and a financial interest in, as well as supervision over, the unlawful acts complained of herein.

## FACTS SUPPORTING PLAINTIFFS' REQUESTED RELIEF

### DAVIDOFF Fragrances

14.     The DAVIDOFF brand was created by Zino Davidoff in 1911 in Geneva, Switzerland, and is today one of the world's most well known and highly respected brands for luxury products, including a line of fine fragrances. The DAVIDOFF mark has been extensively used in U.S. commerce for many years. Zino Davidoff's DAVIDOFF fragrance products are renowned for their high quality.

15.     Zino Davidoff's DAVIDOFF fragrance products have been distributed in interstate commerce throughout the United States, including in this judicial district, for many years. For example, Zino Davidoff launched DAVIDOFF COOL WATER eau de toilette for men in the U.S. in 1989 and its women's DAVIDOFF COOL WATER fragrance in the U.S. in 1997.

16.     Zino Davidoff's fragrance products are identified and distinguished by the use of both the DAVIDOFF mark and a secondary mark, such as COOL WATER, RELAX or SILVER SHADOW, as well as distinctive trade dress (collectively, the "DAVIDOFF Marks"). For example, the distinctive packaging of Zino Davidoff's DAVIDOFF COOL WATER men's fragrance consists of a shiny aqua blue box imprinted with the DAVIDOFF mark in either flowing script (old logo) or block lettering (new logo) and the name of the fragrance in flowing script, as shown in Exhibit A. Zino Davidoff's DAVIDOFF COOL WATER women's fragrance features a variation on this trade dress with a lighter aqua color, as shown in Exhibit B.

-5-

17.     Because of Zino Davidoff's exclusive and extensive use of the DAVIDOFF

Marks, the Marks have acquired enormous value, certain of the Marks have become famous

among the consuming public and trade, and all are recognized as identifying and distinguishing

Zino Davidoff exclusively and uniquely as the source of products sold under the Marks.

18.     Zino Davidoff owns numerous U.S. trademark registrations for its marks for, *inter*

*alia*, perfume and eau de toilette, including Reg. No. 1,439,621 for DAVIDOFF and Design,

Reg. No. 1,453,815 for ZINO DAVIDOFF, Reg. No. 1,735,958 for DAVIDOFF COOL

WATER and Design, Reg. No. 1,735,965 for COOL WATER, Reg. No. 1,744,198 for

DAVIDOFF RELAX and Design, Reg. No. 1,753,520 for DAVIDOFF RELAX and Design,

Reg. No. 2,609,218 for DAVIDOFF, Reg. No. 2,723,215 for DAVIDOFF COOL WATER in

Design for bottle shape, Reg. No. 2,950,263 for DAVIDOFF COOL WATER DEEP, Reg. No.

3,174,289 for SILVER SHADOW, Reg. No. 3,184,046 for GAME, Reg. No. 3,242,675 for

SILVER SHADOW and Reg. No. 3,247,745 for DAVIDOFF.  All of the foregoing registrations

are valid, subsisting, and in full force and effect.  Moreover, as many of these registrations are

incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, they serve as

conclusive evidence of Zino Davidoff's ownership of the marks and of its exclusive rights to use

the marks in commerce on or in connection with all of the goods identified in the registrations, as

provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).  True and correct copies of

the foregoing registrations from the U.S. Patent and Trademark Office are attached as Exhibit C.

19.     Zino Davidoff exercises strict quality control over the production of its

DAVIDOFF fragrances, their bottling, their completed packaging, and their distribution by Zino

Davidoff's exclusive fragrance licensee Lancaster BV and U.S. sublicensee Coty US LLC

(collectively "Coty").  Coty marks each unit of men's and women's DAVIDOFF eau de toilette,

-6-

as well as its outer packaging, with a Production Code. The Production Code is particularly important for maintaining the integrity of Zino Davidoff's DAVIDOFF fragrances. The Production Code provides full traceability for each DAVIDOFF fragrance unit on which it is placed from the moment the unit is produced to the point of consumer purchase. The Production Code permits Zino Davidoff and Coty to take corrective action in the event a product defect should arise and to protect the market from counterfeit products.

Defendant's Sale of Counterfeit DAVIDOFF Fragrances

20.     In or around late 2005, Zino Davidoff discovered counterfeit DAVIDOFF COOL WATER products in Walgreen Co.'s ("Walgreens") stores. After contacting Walgreens regarding its sale of Counterfeit DAVIDOFF Fragrances, Walgreens identified MD as one of its sources of Counterfeit DAVIDOFF Fragrances.

21.     Upon information and belief, MD has been offering for sale and selling DAVIDOFF COOL WATER fragrances in multiple sizes bearing bogus Production Codes, and therefore the DAVIDOFF COOL WATER fragrances offered for sale and sold by MD are Counterfeit DAVIDOFF Fragrances.

22.     Upon information and belief, MD also may be offering for sale and selling other counterfeit DAVIDOFF and/or CK fragrances as well.

23.     The Counterfeit DAVIDOFF Fragrances sold by Defendant use counterfeit copies of the DAVIDOFF marks and replicate the distinctive trade dress of Zino Davidoff's DAVIDOFF products.

Defendant's Sale of Decoded DAVIDOFF Fragrances

24.     "Decoded" DAVIDOFF fragrances are products from which Production Codes have been removed or obliterated. The Production Codes on such products are removed with

varying degrees of finesse.  Often, the Production Code is cut, abraded, or otherwise mutilated, giving the products a damaged appearance.

25.     Decoded DAVIDOFF Fragrances are generally sold by distributors who are not authorized to sell DAVIDOFF fragrance products in the United States.  In order to hide the fact that it is stolen or counterfeit product or to conceal the identity of the seller of the product, the Production Code has been removed from the bottom of the bottles and the exterior of the boxes, as shown in Exhibit D.

26.     DAVIDOFF fragrance products lacking a Production Code may be stolen or counterfeit, and are not subject to the same ongoing quality assurances as genuine product intended for sale in the U.S.

27.     On three separate occasions, between January and April 2006, Zino Davidoff or its counsel obtained decoded units of DAVIDOFF COOL WATER eau de toilette spray from Defendant.  On one occasion, these units were purchases from MD's retail sales warehouse in Edison, New Jersey.  On two other occasions, decoded units were made available directly to Zino Davidoff's counsel by MD.  On each decoded piece obtained by Zino Davidoff or its counsel, the Production Code on the outer packaging had been cut out, with a sticker covering the cut, and the Production Code on the bottom of the bottle has been effaced completely.  A representative image of the packaging and bottle from one of the decoded pieces provided by MD is attached as Exhibit E.

28.     Upon information and belief, MD also may be offering for sale and selling other decoded DAVIDOFF and/or CK fragrances as well.

29.     Zino Davidoff does not countenance the sale of decoded DAVIDOFF products. In many instances, the removal of the Production Code and resulting mutilation of Decoded

DAVIDOFF Fragrances degrades the products. In addition, regardless of whether the product packaging has been damaged, the removal of the Production Code significantly interferes with Zino Davidoff's anti-counterfeiting, quality control and anti-theft programs by hindering Zino Davidoff's ability to trace the products, thereby potentially endangering the public by preventing Zino Davidoff from identifying fakes, resolving quality problems, and recalling defective products. The removal of the Production Code and/or the mutilation of the packaging are each in and of themselves material differences from the authorized DAVIDOFF fragrances that are distributed by Coty in the U.S. The Decoded DAVIDOFF Fragrances are therefore infringing products under U.S. trademark law.

<u>Defendant's Sale of Other Infringing DAVIDOFF Fragrances</u>

30.    On February 7, 2006, during a visit to MD's Edison, New Jersey retail sales warehouse, investigators operating on behalf of Zino Davidoff discovered and purchased numerous knock-off fragrance products bearing marks imitating Zino Davidoff's COOL WATER and COOL WATER DEEP marks and trade dress. These knock-off products include, but are not limited to, COLD WATER, BLUE WATER, and DEEP WATER. Photographs of these knock-off products and their proof of purchase have been attached as <u>Exhibit F</u>.

31.    On February 2, 2007, investigators acting on behalf of Zino Davidoff and Calvin Klein visited MD's warehouse and again discovered and purchased knock-off fragrance products bearing marks imitating Zino Davidoff's COOL WATER mark and trade dress. These knock-off products again include BLUE WATER. Photographs of this infringing merchandise have been attached as <u>Exhibit G</u>.

32.    Upon information and belief, MD also may be offering for sale and selling other knock-off DAVIDOFF fragrances as well.

-9-

33. The Knock-Off DAVIDOFF Fragrances sold by Defendant use colorable imitations of the DAVIDOFF marks and replicate the distinctive trade dress of Zino Davidoff's DAVIDOFF products.

34. Defendant's Counterfeit DAVIDOFF Fragrances, Decoded DAVIDOFF Fragrances and Knock-Off DAVIDOFF Fragrances are likely to deceive, confuse and mislead purchasers and prospective purchasers into believing that these unlicensed and unauthorized products are authorized and backed by Zino Davidoff, when in fact they are not. The likelihood of confusion, mistake and deception engendered by Defendant's unauthorized products is causing irreparable harm to Zino Davidoff.

35. Purchasers and prospective purchasers viewing Defendant's unauthorized Counterfeit DAVIDOFF Fragrances, Decoded DAVIDOFF Fragrances and Knock-Off DAVIDOFF Fragrances and perceiving a defect, lack of quality, or any impropriety are likely to attribute them mistakenly to Zino Davidoff. In addition, due to the nature of the product at issue here, a topical cosmetic, Defendant's sale of Counterfeit DAVIDOFF Fragrances, Decoded DAVIDOFF Fragrances and Knock-Off DAVIDOFF Fragrances upon which there is no certification of quality poses a large risk to public health and safety. By causing such a likelihood of confusion, mistake, deception and potential public health risk, Defendant is inflicting irreparable harm to Zino Davidoff's goodwill.

36. Upon information and belief, Defendant knowingly and willfully uses the DAVIDOFF Marks and sells the Counterfeit DAVIDOFF Fragrances, Decoded DAVIDOFF Fragrances and Knock-Off DAVIDOFF Fragrances with the deliberate intent to ride on the fame and goodwill that Zino Davidoff has established in its DAVIDOFF fragrance brands, and with the deliberate attempt to create a false impression as to the source and sponsorship of

-10-

Defendant's products and to dilute the distinctiveness of Zino Davidoff's marks. If Defendant's conduct is not enjoined, it will greatly injure the value of Zino Davidoff's marks and Zino Davidoff's ability to distinguish its goods.

37.     Defendant's conduct is intentionally fraudulent, malicious, willful and wanton.

CK Fragrances

38.     The CALVIN KLEIN brand was created by Calvin Klein, Inc. (then Calvin Klein, Company) in 1968, and has become one of the world's most recognized and respected brands for clothing and other high-quality items, including a line of popular fragrances marketed under Calvin Klein's CK mark. This mark has been used extensively in U.S. commerce for many years, and Calvin Klein's CK fragrance products are consistently popular with and well-respected by the trade and the consuming public.

39.     Calvin Klein's CK fragrance products have been distributed in interstate commerce throughout the U.S., including in this judicial district, for many years. For example, Calvin Klein launched the CK ONE unisex fragrance in 1994 and the CK BE unisex fragrance in 1996.

40.     Calvin Klein's fragrance products are identified and distinguished by the use of an exclusive and distinctive mark, such as CK ONE or CK BE , as well as distinctive trade dress (collectively, the "CK Marks"). For example, the distinctive packaging of Calvin Klein's CK ONE unisex fragrance features a light beige box imprinted with the CK ONE mark, as shown in Exhibit H.

41.     Because of Calvin Klein's exclusive and extensive use of the CK Marks, the Marks have acquired enormous value, certain of the Marks have become famous among the

-11-

consuming public and trade, and all are recognized as identifying and distinguishing Calvin Klein exclusively and uniquely as the source of products sold under the Marks.

42.     Calvin Klein owns numerous U.S. trademark registrations for its marks for, *inter alia*, perfume and eau de toilette, including Reg. No. 1,946,318 for CK ONE, Reg. No. 1,969,912 for CK ONE CALVIN KLEIN and Design, and Reg. No. 2,133,753 for CK ONE.  All of the foregoing registrations are valid, subsisting, and in full force and effect.  Moreover, as each of these registrations is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, they serve as conclusive evidence of Calvin Klein's ownership of the marks and of its exclusive rights to use the marks in commerce on or in connection with all of the goods identified in the registrations, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).  True and correct copies of the foregoing registrations from the U.S. Patent and Trademark Office are attached as <u>Exhibit I</u>.

<u>Defendant's Sale of Infringing CK Fragrances</u>

43.     On February 7, 2006, investigators operating on behalf of Zino Davidoff visited MD's Edison, New Jersey warehouse, where they discovered and purchased knock-off fragrance products bearing marks imitating Calvin Klein's CK ONE mark and trade dress.  These knock-off products include, but are not limited to, GK ONE.  A photograph of this knock-off product and its proof of purchase has been attached as <u>Exhibit J</u>.

44.     On February 2, 2007, investigators acting on behalf of Zino Davidoff and Calvin Klein visited MD's warehouse and again discovered and purchased knock-off fragrance products bearing marks imitating Calvin Klein's CK ONE mark and trade dress.  Photographs of this infringing merchandise have been attached as <u>Exhibit G</u>.

US2000 10792863.8

45.     Upon information and belief, MD also may be offering for sale and selling other knock-off CK fragrances as well.

46.     The Knock-Off CK Fragrances sold by Defendant use colorable imitations of the CK marks and replicate the distinctive trade dress of Calvin Klein's CK ONE products.

47.     Defendant's Knock-Off CK Fragrances are likely to deceive, confuse and mislead purchasers and prospective purchasers into believing that these unlicensed and unauthorized products are authorized and backed by Calvin Klein, when in fact they are not.  The likelihood of confusion, mistake and deception engendered by Defendant's unauthorized products is causing irreparable harm to Calvin Klein.

48.     Purchasers and prospective purchasers viewing Defendant's unauthorized Knock-Off CK Fragrances and perceiving a defect, lack of quality, or any impropriety are likely to attribute them mistakenly to Calvin Klein.  In addition, due to the nature of the product at issue here, a topical cosmetic, Defendant's sale of Knock-Off CK Fragrances upon which there is no certification of quality poses a large risk to public health and safety.  By causing such a likelihood of confusion, mistake, deception and potential public health risk, Defendant is inflicting irreparable harm to Calvin Klein's goodwill.

49.     Upon information and belief, Defendant knowingly and willfully uses the CK Marks and sells the Knock-Off CK Fragrances with the deliberate intent to ride on the fame and goodwill that Calvin Klein has established in its CK fragrance brands, and with the deliberate attempt to create a false impression as to the source and sponsorship of Defendant's products and to dilute the distinctiveness of Calvin Klein's marks.  If Defendant's conduct is not enjoined, it will greatly injure the value of Calvin Klein's marks and Calvin Klein's ability to distinguish its goods.

US2000 10792863.8

50.    Defendant's conduct is intentionally fraudulent, malicious, willful and wanton.

## FIRST CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT WITH RESPECT TO COUNTERFEIT FRAGRANCES (15 U.S.C. § 1114)

51.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 50 above, and incorporate them herein by reference.

52.    Defendant's sale and distribution of products bearing counterfeit copies of the DAVIDOFF Marks or the CK Marks (together, "Plaintiffs' Marks") is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendant's counterfeit fragrances. As a result of Defendant's unauthorized use of Plaintiff's federally registered Marks and/or imitations thereof, the public is likely to believe that Defendant's goods have been manufactured and/or approved by Plaintiffs.

53.    Defendant's use of counterfeit copies of Plaintiffs' Marks falsely represents Defendant's counterfeit fragrances as emanating from or being authorized by Plaintiffs and places beyond Plaintiffs' control the quality of products bearing their Marks.

54.    Defendant's infringement of Plaintiffs' registered Marks is willful, intended to reap the benefit of the goodwill of Plaintiffs, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

55.    The aforesaid conduct of Defendant is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiffs and Defendant, and the public interest would not be disserved by enjoining Defendant's sale of counterfeit units of Plaintiffs' fragrances.

-14-

## SECOND CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT WITH RESPECT TO DECODED FRAGRANCES (15 U.S.C. § 1114)

56.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 55 above, and incorporate them herein by reference.

57.     The removal of the Production Code and/or mutilation of the packaging of Plaintiffs' fragrances renders them materially different from those fragrances as authorized by Plaintiffs for sale in the United States, and such products are not genuine.

58.     Defendant's unauthorized sale of decoded units of Plaintiffs' fragrances is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendant's decoded fragrances.  As a result of Defendant's unauthorized use of Plaintiffs' federally registered Marks, the public is likely to believe that Defendant's goods have been approved by Plaintiffs.

59.     Defendant's unauthorized sale of decoded units of Plaintiffs' fragrances constitutes a false designation of origin and a false description or representation that Defendant's sale of such products is authorized by Plaintiffs.

60.     The removal of the Production Code from decoded units of Plaintiffs' fragrances deprives Plaintiffs of the ability to ensure the consistently high quality of products bearing Plaintiffs' Marks and to maintain the prestige and reputation of Plaintiffs' brands.  The removal of the Production Code also hinders Plaintiffs' ability to protect the market from counterfeit fragrance products.

61.     Defendant's infringement of Plaintiffs' registered Marks is willful, intended to reap the benefit of the goodwill of Plaintiffs, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

62.     The aforesaid conduct of Defendant is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue to both damage Plaintiffs and

-15-

deceive the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiffs and Defendant, and the public interest would not be disserved by enjoining Defendant's sale of decoded units of Plaintiffs' fragrances.

## THIRD CLAIM FOR RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT WITH RESPECT TO KNOCK-OFF FRAGRANCES (15 U.S.C. § 1114)

63.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 62 above, and incorporate them herein by reference.

64.     Defendant's sale and distribution of products bearing colorable imitations of Plaintiffs' Marks is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendant's knock-off fragrances. As a result of Defendant's unauthorized use of Plaintiffs' federally registered Marks and/or colorable imitations thereof, the public is likely to believe that Defendant's goods have been manufactured and/or approved by Plaintiffs.

65.     Defendant's use of colorable imitations of Plaintiffs' Marks falsely represents Defendant's knock-off fragrances as emanating from or being authorized by Plaintiffs, and places beyond Plaintiffs' control the quality of products bearing their Marks.

66.     Defendant's infringement of Plaintiffs' registered Marks is willful, intended to reap the benefit of Plaintiffs' goodwill, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

67.     The aforesaid conduct of Defendant is causing irreparable injury to Plaintiffs, and their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiffs and Defendant, and

US2000 10792863.8

the public interest would not be disserved by enjoining Defendant's sale of knock-off units of Plaintiffs' fragrances.

## FOURTH CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN WITH RESPECT TO COUNTERFEIT FRAGRANCES (15 U.S.C. § 1125(a))

68.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 67 above, and incorporate them herein by reference.

69.     Defendant's sale and distribution of products bearing counterfeit copies of the Plaintiffs' Marks constitutes a false designation of origin and a false description or representation that Defendant's counterfeit fragrances originate from, or are offered, sponsored, authorized, licensed by or otherwise somehow connected with Plaintiffs, and is thereby likely to confuse consumers. As a result of Defendant's unauthorized use of Plaintiffs' Marks and/or imitations thereof, the public is likely to believe that Defendant's goods have been manufactured and/or approved by Plaintiffs.

70.     Defendant's use of counterfeit copies of Plaintiffs' Marks falsely represents Defendant's counterfeit fragrances as emanating from or being authorized by Plaintiffs and places beyond Plaintiffs' control the quality of products bearing their Marks.

71.     Defendant's conduct is willful, intended to reap the benefit of Plaintiffs' goodwill, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

72.     The aforesaid conduct of Defendant is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

US2000 10792863.8

## FIFTH CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN WITH RESPECT TO DECODED FRAGRANCES (15 U.S.C. § 1125(a))

73.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 72 above, and incorporate them herein by reference.

74.     The removal of the Production Code and/or mutilation of the packaging of Plaintiffs' fragrances renders them materially different from those fragrances as authorized by Plaintiffs for sale in the U.S., and such products are not genuine.

75.     Defendant's unauthorized sale of decoded units of Plaintiffs' fragrances constitutes a false designation of origin and a false description or representation that Defendant's sale of such products is authorized by Plaintiffs, and is thereby likely to confuse consumers.

76.     The removal of the Production Code from the decoded units of Plaintiffs' fragrances takes out of Plaintiffs' control the quality of products bearing their Marks and deprives Plaintiffs of the ability to maintain the prestige and reputation of their respective brands.

77.     Defendant is using Plaintiffs' Marks with full knowledge that they are associated exclusively with Plaintiffs and exclusively designate Plaintiffs' respective fragrances. Defendant's acts of unfair competition are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with Plaintiffs' Marks.

78.     Defendant's sale and distribution of decoded units of Plaintiffs' fragrances is in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

79.     The aforesaid conduct of Defendant is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

US2000 10792863.8

## SIXTH CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN WITH RESPECT TO KNOCK-OFF FRAGRANCES (15 U.S.C. § 1125(a))

80.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 79 above, and incorporate them herein by reference.

81.    Defendant's sale and distribution of products bearing colorable imitations of the Plaintiffs' Marks constitutes a false designation of origin and a false description or representation that Defendant's knock-off fragrances originate from, or are offered, sponsored, authorized, licensed by or otherwise somehow connected with Plaintiffs, and is thereby likely to confuse consumers. As a result of Defendant's unauthorized use of Plaintiffs' Marks and/or imitations thereof, the public is likely to believe that Defendant's goods have been manufactured and/or approved by Plaintiffs.

82.    Defendant's use of colorable imitations of Plaintiffs' Marks falsely represents Defendant's knock-off fragrances as emanating from or being authorized by Plaintiffs, and places beyond Plaintiffs' control the quality of products bearing their Marks.

83.    Defendant's conduct is willful, intended to reap the benefit of Plaintiffs' goodwill, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

84.    The aforesaid conduct of Defendant is causing irreparable injury to Plaintiffs and their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF FOR FEDERAL TRADEMARK DILUTION WITH RESPECT TO COUNTERFEIT FRAGRANCES, DECODED FRAGRANCES AND KNOCK-OFF FRAGRANCES (15 U.S.C. § 1125(c))

85.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 84 above, and incorporate them herein by reference.

86.     Plaintiffs' Marks are famous and well known throughout the United States, having been used exclusively and extensively for many years. By reason of extensive advertising and use, Plaintiffs' Marks have become highly distinctive of Plaintiffs' respective goods and are uniquely associated with Plaintiffs.

87.     Defendant's commercial use of certain of Plaintiffs' Marks, or colorable imitations thereof, on its counterfeit, decoded and knock-off fragrances has diluted and continues to dilute the distinctive quality of Plaintiffs' famous Marks by lessening their capacity to identify and distinguish Plaintiffs exclusively as the source of goods bearing or provided under their respective Marks.

88.     Defendant's commercial use of Plaintiffs' Marks, or colorable imitations thereof, further dilutes Plaintiffs' Marks by associating them with a product of inferior quality, thereby tarnishing the Marks.

89.     Defendant's unlawful use of certain of Plaintiffs' Marks, or colorable imitations thereof, is intended to and has the effect of trading on Plaintiffs' respective reputations and causing dilution of Plaintiffs' famous Marks.

90.     Upon information and belief, Defendant does not own any federal or state registrations or trademark applications for any mark that includes, in whole or in part, any of Plaintiffs' Marks and cannot assert any rights in Plaintiffs' Marks that are prior to Plaintiffs' first use of those Marks.

91.     Upon information and belief, Defendant does not own any federal or state registrations or trademark applications for any mark that includes, in whole or in part, the colorable imitations of Plaintiffs' Marks used on Defendant's knock-off fragrances.

US2000 10792863.8

92.     Defendant's conduct is in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

93.     The aforesaid conduct of Defendant is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF FOR STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION WITH RESPECT TO COUNTERFEIT, DECODED AND KNOCK-OFF FRAGRANCES

94.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 93 above, and incorporate them herein by reference.

95.     Plaintiffs, and their exclusive licensee Coty, have extensively and continuously promoted and used Plaintiffs' Marks in the United States, and the marks have thereby become distinctive and well-known symbols of Plaintiffs' fragrance products, with certain of the Marks becoming famous.

96.     Defendant's commercial use of Plaintiffs' Marks, or colorable imitations thereof, on Defendant's counterfeit, decoded and knock-off fragrances has diluted and continues to dilute the distinctive quality of Plaintiffs' Marks by lessening their capacity to identify and distinguish Plaintiffs exclusively as the source of goods bearing or provided under their respective Marks.

97.     Defendant's commercial use of Plaintiffs' Marks, or colorable imitations thereof, further dilutes Plaintiffs' Marks by associating them with a product of inferior quality, thereby tarnishing the Marks.

98.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' Marks or to cause dilution of Plaintiffs' Marks, to the great and irreparable injury of Plaintiffs.

US2000 10792863.8

99.    Defendant is causing and will continue to cause irreparable injury to Plaintiffs' respective goodwill and business reputations, and dilution of the distinctiveness and value of Plaintiffs' famous and distinctive Marks in violation of the New York anti-dilution statute, N.Y. GEN. BUS. Law § 360-*l* (McKinney 2008), as well as upon information and belief the anti-dilution laws of the several states, including Alabama, ALA. CODE § 8-12-17 (2003); Alaska, ALASKA STAT. §45.50.180 (Michie 2002); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2003); Arkansas, ARK. CODE ANN. § 4-71-213 (2002); California, CAL. BUS. & PROF. CODE § 14330 (West 2003); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2003); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2002); Florida, FLA. STAT. ANN. § 495.151 (West 2003), Georgia, GA. CODE ANN. § 10-1-451 (2003); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2003); Idaho, IDAHO CODE § 48-513 (Michie 2002); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2003); Iowa, IOWA CODE ANN. § 548.113 (West 2003); Kansas, KAN. STAT. ANN. § 81-214 (2002); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2003); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2003); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110B, § 12 (West 2003); Minnesota, MINN. STAT. ANN. § 333.285 (West 2003); Mississippi, MISS. CODE. ANN. § 75-25-25 (2003); Missouri, MO. ANN. STAT. § 417.061(1) (West 2002); Montana, MONT. CODE ANN. § 30-13-334 (2003); Nebraska, NEB. REV. STAT. ANN. § 87-140 (Michie 2002); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2003); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2003); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2002); Oregon, O.R.S. § 647.107 (2003); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 1996); Rhode Island, R.I. GEN. LAWS § 6-2-12 (1992); South Carolina, S. C. CODE ANN. § 39-15-1165 (2002); Tennessee, TENN. CODE ANN. § 47-25-513 (2003); Texas, TEX. BUS. & COM. CODE ANN.

§ 16.29 (Vernon 2003); Utah, UT. CODE ANN. § 70-3a-403 (2002); Washington, WASH. REV.

CODE ANN. § 19.77.160 (2003); West Virginia, W. VA. CODE ANN. 47-2-13 (Michie 2003);

and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2002).

100.    Plaintiffs therefore are entitled to injunctive relief, damages and costs, as well as,

if appropriate, enhanced damages and reasonable attorneys' fees.

### NINTH CLAIM FOR RELIEF FOR STATE TRADEMARK INFRINGEMENT WITH RESPECT TO COUNTERFEIT FRAGRANCES (N.Y. ART & CULT. AFF. LAW § 33.09)

101.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1

through 100 above, and incorporate them herein by reference.

102.    Defendant's sale and distribution of products bearing counterfeit copies of

Plaintiffs' Marks is likely to cause confusion, mistake or deception as to the source or

sponsorship of Defendant's counterfeit fragrances.  As a result of Defendant's unauthorized use

of Plaintiffs' federally registered Marks and/or imitations thereof, the public is likely to believe

that Defendant's goods have been manufactured and/or approved by Plaintiffs.

103.    Defendant's use of counterfeit copies of Plaintiffs' Marks falsely represents

Defendant's counterfeit fragrances as emanating from or being authorized by Plaintiffs and

places beyond Plaintiffs' control the quality of products bearing Plaintiffs' Marks.

104.    Defendant's sales of counterfeit fragrances were made with the knowledge that

the marks affixed to these fragrances were counterfeit and that the sales were made without

Plaintiffs' consent, in violation of New York Art & Cultural Affairs Law § 33.09(3).

105.    Upon information and belief, Defendant has in its possession counterfeit

Plaintiffs' Marks, with the knowledge that such marks are counterfeit, in violation of New York

Art & Cultural Affairs Law § 33.09(4).

-23-

US2000 10792863.8

106.    The aforesaid conduct of Defendant is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiffs and Defendant and the public interest would not be disserved by enjoining Defendant's sale of counterfeit units of Plaintiffs' fragrances.

## TENTH CLAIM FOR RELIEF FOR COMMON LAW UNFAIR COMPETITION WITH RESPECT TO COUNTERFEIT FRAGRANCES

107.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 106 above, and incorporate them herein by reference.

108.    Plaintiffs' Marks are highly distinctive of Plaintiffs' goods and are entitled to the broadest scope of protection, and certain of the marks are famous.

109.    Defendant's sale and distribution of products bearing counterfeit copies of Plaintiffs' Marks constitutes a false designation of origin and a false description or representation that Defendant's products originate from, or are offered, sponsored, authorized, licensed by or otherwise somehow connected with Plaintiffs, and is thereby likely to confuse consumers. As a result of Defendant's conduct, the public is likely to believe that Defendant's goods have been manufactured and/or approved by Plaintiffs.

110.    Defendant's use of counterfeit copies of Plaintiffs' Marks falsely represents Defendant's counterfeit fragrances as emanating from or being authorized by Plaintiffs and places beyond Plaintiffs' control the quality of products bearing their Marks.

111.    Defendant's conduct is willful, intended to reap the benefit of Plaintiffs' goodwill, and constitutes common law unfair competition.

-24-

112.    The aforesaid conduct of Defendant is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

## ELEVENTH CLAIM FOR RELIEF FOR COMMON LAW UNFAIR COMPETITION WITH RESPECT TO DECODED FRAGRANCES

113.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 112 above, and incorporate them herein by reference.

114.    The removal of the Production Code and/or mutilation of the packaging of Plaintiffs' fragrances renders them materially different from those fragrances as authorized by Plaintiffs for sale in the U.S., and such products are not genuine.

115.    Defendant's unauthorized sale of decoded units of Plaintiffs' fragrances constitutes a false designation of origin and a false description or representation that Defendant's sale of such products is authorized by Plaintiffs, and is thereby likely to confuse consumers.

116.    The removal of the Production Code from the decoded units of Plaintiffs' fragrances takes out of Plaintiffs' control the quality of products bearing Plaintiffs' Marks and deprives Plaintiffs of the ability to maintain the prestige and reputation of their respective brands.

117.    Defendant is using Plaintiffs' Marks with full knowledge that they are associated exclusively with Plaintiffs and exclusively designate Plaintiffs' respective fragrances. Defendant's acts of unfair competition are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with Plaintiffs' Marks.

118.    Defendant's sale and distribution of decoded units of Plaintiffs' fragrances constitutes common law unfair competition.

US2000 10792863.8

119.    The aforesaid conduct of Defendant is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

## TWELFTH CLAIM FOR RELIEF FOR COMMON LAW UNFAIR COMPETITION WITH RESPECT TO KNOCK-OFF FRAGRANCES

120.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 119 above, and incorporate them herein by reference.

121.    Zino Davidoff's DAVIDOFF Marks are highly distinctive of Zino Davidoff and entitled to the broadest scope of protection, and certain of the marks are famous.

122.    Calvin Klein's CK Marks are highly distinctive of Calvin Klein and entitled to the broadest scope of protection, and certain of the marks are famous.

123.    Defendant's sale and distribution of products bearing colorable imitations of Plaintiffs' Marks constitutes a false designation of origin and a false description or representation that Defendant's knock-off fragrances originate from, or are offered, sponsored, authorized, licensed by or otherwise somehow connected with Plaintiffs, and is thereby likely to confuse consumers.  As a result of Defendant's unauthorized use of Plaintiffs' Marks and/or imitations thereof, the public is likely to believe that Defendant's goods have been manufactured and/or approved by Plaintiffs.

124.    Defendant's use of colorable imitations of Plaintiffs' Marks falsely represents Defendant's knock-off fragrances as emanating from or being authorized by Plaintiffs, and places beyond Plaintiffs' control the quality of products bearing their respective Marks.

125.    Defendant's conduct is willful, intended to reap the benefit of Plaintiffs' goodwill, and constitutes common law unfair competition.

-26-

126.    The aforesaid conduct of Defendant is causing irreparable injury to Plaintiffs and their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

### THIRTEENTH CLAIM FOR RELIEF FOR UNFAIR AND DECEPTIVE TRADE PRACTICES WITH RESPECT TO COUNTERFEIT FRAGRANCES, DECODED FRAGRANCES, AND KNOCK-OFF FRAGRANCES

127.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 125 above, and incorporate them herein by reference.

128.    By reason of the acts set forth above, Defendant has been and is engaged in deceptive acts or practices in the conduct of a business, trade or commerce in violation of New York statute, N.Y. GEN. BUS. Law § 349 (McKinney 2008), and upon information and belief the unfair and deceptive trade practices statutes of other states including Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 1996 and Supp. 1998); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (1993 & Supp. 1998); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (1994); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (1993); Illinois, 815 ILL. COMP. STAT. ANN. 510/1 to 510/7; Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 1996); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 1995); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (1995); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 1995); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (West 1995); Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 1995 & Supp. 1998), Oregon, O.R.S. §§ 646.605 to 646.656 (2003) and Rhode Island, R.I. GEN. LAWS § 6-2-12 (1992).

129.    The public is likely to be damaged as a result of Defendant's deceptive trade practices or acts.

130.    The aforesaid conduct of Defendant is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

**WHEREFORE**, Plaintiffs demand judgment as follows:

1.    That an injunction be issued enjoining Defendant, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant, and all those in active concert and participation with Defendant, and each of them who receives notice directly or otherwise of such injunction from:

a)  imitating, copying, or making unauthorized use of the DAVIDOFF Marks or the CK Marks;

b)  importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the DAVIDOFF Marks or the CK Marks;

c)  using any simulation, reproduction, counterfeit, copy or colorable imitation of the DAVIDOFF Marks or the CK Marks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Zino Davidoff or Calvin Klein or to any goods sold, manufactured, sponsored, approved by or connected with Zino Davidoff or Calvin Klein;

d)  using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any infringing product manufactured, distributed or sold by Defendant is in any manner associated or connected with

-28-

Zino Davidoff or Calvin Klein, or is sold, manufactured, licensed, sponsored, approved or authorized by Zino Davidoff or Calvin Klein;

  e) engaging in any other activity constituting unfair competition with Zino Davidoff or Calvin Klein, or constituting infringement of the DAVIDOFF Marks or the CK Marks;

  f) taking any action, including through the use of the DAVIDOFF Marks or the CK Marks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, that dilutes the unique association between the DAVIDOFF Marks and Zino Davidoff or between the CK Marks and Calvin Klein, or that tarnishes the reputation or image of Zino Davidoff or Calvin Klein;

  g) removing, obscuring or otherwise defacing a Production Code or other bar code on any DAVIDOFF or CK product or importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any DAVIDOFF or CK product with a removed, obscured or otherwise defaced Production Code or other bar code;

  h) transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendant's possession, custody or control bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the DAVIDOFF Marks or the CK Marks;

  i) disposing of, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receipt, acquisition, importation,

US2000 10792863.8

purchase, sale, offer for sale, or distribution of any merchandise bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the DAVIDOFF Marks or the CK Marks;

j)    directly or indirectly informing Defendant's source(s) for any merchandise bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the DAVIDOFF Marks or the CK Marks of this action or any of Plaintiffs' claims herein; or

k)    instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (j) above.

2.    Directing that Defendant make available to Plaintiffs for review, inspection and copying all books, records (including all hard drives on computers used for business purposes, including servers, as well as all computer disks and back up disks) and other documents concerning all transactions relating to the purchase or sale and unauthorized use of products or packaging incorporating a simulation, reproduction, counterfeit, copy or colorable imitation of the DAVIDOFF Marks or the CK Marks and provide Plaintiffs the names, addresses and all other contact information in its possession (e.g., telephone numbers, fax numbers) for the source(s) of such products and packaging, including all manufacturers, distributors and/or suppliers.

3.    Directing that Defendant recall from all distributors, retailers or other recipients any and all products and packaging sold or distributed by Defendant under or in connection with any simulation, reproduction, counterfeit, copy or colorable imitation of the DAVIDOFF Marks or the CK Marks and, upon recall, to deliver such goods up to Plaintiffs' counsel for destruction at Defendant's costs.

US2000 10792863.8

4.      Directing that Defendant cancel any advertising regardless of medium using any simulation, reproduction, counterfeit, copy or colorable imitation of the DAVIDOFF Marks or the CK Marks.

5.      Directing that Defendant deliver to Plaintiffs' counsel for destruction at Defendant's costs all signs, products, packaging, promotional material, advertising material, catalogs and any other item that bears, contains or incorporates any simulation, reproduction, counterfeit, copy or colorable imitation of the DAVIDOFF Marks or the CK Marks.

6.      Requiring Defendant to account for and pay over to Zino Davidoff three times the profits realized by Defendant from its infringement of Zino Davidoff's marks and its unfair competition with Zino Davidoff, and to account for and pay over to Calvin Klein three times the profits realized by Defendant from its infringement of Calvin Klein's marks and its unfair competition with Calvin Klein.

7.      Awarding Plaintiffs their actual damages, trebled pursuant to 15 U.S.C. § 1117(a) and (b), or, if Plaintiffs elect, statutory damages as the Court considers just, up to $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c), arising out of Defendant's acts of willful trademark infringement and counterfeiting.

8.      Awarding Plaintiffs their actual damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendant's acts of willful unfair competition and trademark dilution.

9.      Awarding Plaintiffs interest, including pre-judgment interest, on the foregoing sums.

10.     Awarding Plaintiffs their costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a).

US2000 10792863.8

11.    Awarding Plaintiffs exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

12.    Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods or services offered, advertised or promoted by or on behalf of Defendant are authorized by Zino Davidoff or Calvin Klein or related in any way to Zino Davidoff's or Calvin Klein's products.

13.    Directing that Defendant file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the above.

14.    Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       September 3, 2008

KILPATRICK STOCKTON LLP

By: _____
       Lisa Pearson (LP 4916)
       Robert Potter (RP 5757)
31 W. 52nd Street, 14th Floor
New York, New York 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
lpearson@kilpatrickstockton.com
rpotter@kilpatrickstockton.com

*Attorneys for Plaintiffs Zino Davidoff SA,*
*Calvin Klein Trademark Trust, and*
*Calvin Klein Cosmetics Corporation*